IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50008
Conference Calendar
_____


KENNETH LEE JOHNSON,

                                        Plaintiff-Appellant,

versus

DEBORAH PARKER, Captain, Disciplinary
Captain; CHARLES W. REDDEN; KENNETH
GREEN; MARK SCOTT,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-95-CV-100
- - - - - - - - - -
June 18, 1997
Before SMITH, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Kenneth Lee Johnson appeals from the district court's denial
of his FED. R. CIV. P. 59(e) motion.  Review is for an abuse of
discretion.  *Midland West Corp. v. Fed. Deposit Ins. Corp.*, 911
F.2d 1141, 1145 (5th Cir. 1990).  Johnson argues that the
district court abused its discretion (1) in allowing the
magistrate judge to enter a final judgment against him, (2) by

     [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

allowing the magistrate judge to deny his IFP status, (3) by not conducting a *de novo* review, and (4) by not reviewing the magistrate judge's refusal to allow him to amend his complaint. Johnson consented to proceed before the magistrate judge. Title 28 U.S.C. § 636(c), conferred on magistrate judges the authority to conduct "any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." Johnson's personally-executed written consent to trial before the magistrate judge pursuant to § 636(c), on its face, evinces valid consent, binding upon him. *See Johnson v. Hines*, No. 93-7076 slip op. at 11 (5th Cir. September 15, 1994) (unpublished); *see also* 5TH CIR. R. 47.5.3 (unpublished opinions issued before January 1, 1996, are precedent). Because the denial of a motion for IFP is not a matter excepted under 28 U.S.C. § 636(b)(1)(A), the magistrate judge did not lack authority to enter such an order. The record reveals no "good cause" or extraordinary circumstances" that would have justified annulling the magistrate judge's authority over the case. *See Johnson*, No. 93-7076 slip op. at 11.

The district court did not err in refusing to conduct *de novo* review. Once valid consent is given pursuant to § 636(c), a party has no absolute right to withdraw that consent and demand his right to an Article III judge. *Carter v. Sea Land Servs.*, *Inc.*, 816 F.2d 1018, 1021 (5th Cir. 1987) ("Once a right, even a

fundamental right, is knowingly and voluntarily waived, a party has no constitutional right to recant at will .").

Citing to *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974) and TDCJ-ID rules, Johnson argues that the district court's dismissal of his suit as frivolous was inappropriate because the notice was not adequate to allow him to prepare a defense, that he was denied his right to call witnesses and cross-examine, and that there was insufficient evidence to support the finding of a violation. We have reviewed the findings in the court below and Johnson's contentions and we discern no abuse of discretion. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986)(citations omitted); *Wolff*, 418 U.S. at 567-69.

Johnson's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2. Johnson's motion's objecting to the Prison Litigation Reform Act and the court's reliance on it to deny *in forma pauperis* status are DENIED. *Carson v. Johnson*, __ F.3d __, No. 96-41003, slip op. at 3164-66 (5th Cir. May 15, 1997).

This is not the first suit and appeal filed by Johnson which has been dismissed as frivolous. *See Johnson v. David*, No. 93-8350, slip op. at 2 (5th Cir. July 14, 1994) (dismissal, in part, under § 1915 affirmed by this court) (unpublished); *Johnson v. Benner*, No. 95-50608, slip op. at 1-2 (5th Cir. Nov. 17, 1995) (dismissal under § 1915(d) affirmed in part and vacated and

remanded in part, but sanctions warning issued by this court) (unpublished).  A prisoner may not

> bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Including the dismissal of this suit and this appeal, Johnson has four "strikes."  *See Adepegba v. Hammons*, 103 F.3d 383, 386-88 (5th Cir. 1996).  Therefore, except for cases involving an imminent danger of serious physical injury, § 1915(g) bars Johnson from proceeding further under § 1915.  He may proceed in subsequent civil cases under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else.

APPEAL DISMISSED; MOTIONS DENIED; SANCTION IMPOSED.